IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02644-WDM-BNB

PENNY J. RAETH,

Plaintiff,

v.

BANK ONE a/k/a BANK ONE CHASE,
CHASE MANHATTAN BANK,
J.P. MORGAN CHASE NATIONAL CORPORATION SERVICES, INC., and
J.P. MORGAN CHASE & CO.,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff commenced this action on December 28, 2005, by filing a Complaint. On February 8, 2006, I ordered the plaintiff to file proof of service on or before April 28, 2006.

In response to my order, on May 1, 2006, the plaintiff filed papers entitled "Proof of Delivery of Summons in Civil Action, and Associated papers; on April 28, 2006" [Doc. # 8]. Included in the plaintiff's papers is a copy of a U.S. Postal Service Delivery Confirmation Receipt which indicates that on April 28, 2006, an item was sent to "The Corporation, Suite 200, Tower I, 1675 Broadway, Denver, CO, 80202."

Service on corporations and associations must be made pursuant to Rule 4(h) of the Federal Rules of Civil Procedure. It appeared from the plaintiff's papers that she failed to comply with the requisites of Rule 4(h). In addition, to the extent the plaintiff attempted to obtain a waiver of service, it appeared that her attempt did not conform to the requirements of Rule 4(d).

Finally, it appeared that the plaintiff failed to comply with Rule 4(m), Fed. R. Civ. P., which provides in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The 120 days for service provided in Rule 4(m) expired on April 27, 2006.

Consequently, I ordered the plaintiff to show cause why this case should not be dismissed for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an Order of this Court. See D.C.COLO.LCivR 41.1. I warned the plaintiff that failure to show cause on or before May 16, 2006, would result in my recommendation that this case be dismissed.

The plaintiff responded to the show cause order on May 16, 2006. *Response to Order to Show Cause* (the "Response"), filed May 16, 2006. She asserts that she has been "incapacitated by illness for approximately 5 ½ of the last 7 months" and that "to even manage to mail the summons to the registered agent was almost impossible." *Response*, fourth consecutive page. She further asserts that she needs the assistance of an attorney to comply with the service requirements. Id. at sixth consecutive page.

The Tenth Circuit's decision in Espinoza v. United States, 52 F.3d 838 (10th Cir. 1995), establishes the procedure to be applied in determining whether to dismiss a case for failure to complete service of process:

2

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

Id. at 841.

There is no definitive statement of what constitutes "good cause" within the meaning of Fed. R. Civ. P. 4(m). One court in this circuit has noted:

> Although Rule 4(m) does not define good cause, the Tenth Circuit "has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." Similarly, "[m]istake of counsel or ignorance of the rules also usually do not suffice."

Hunsinger v. Gateway Management Associates, 169 F.R.D. 152, 155 (D. Kan. 1996) (internal citations omitted).

The plaintiff has not shown good cause for her failure to complete service of process. She asserts that she has been too incapacitated to mail a summons to the defendants' registered agent. I find this statement incredible. Although she claims that her incapacitation is "verifiable" by her doctor, she does not provide any evidence of her alleged incapacity. In addition, the plaintiff admits that she possessed the capacity to command an extensive search for legal representation. She states that she has spoken to "more than 20 maybe more than 30" attorneys "since before filing" her Complaint, id. at fourth consecutive page, and that she has attempted to obtain legal help as recently as mid-April and mid-May 2006. Id. at six and seventh consecutive pages. Finally, she obviously had the capacity to draft and mail her response to the show cause order.

3

The plaintiff also claims that she has been unable to serve the defendants because she does not have the assistance of an attorney. Id. at sixth and seventh consecutive pages. A litigant's *pro se* status does not excuse the litigant from complying with the requirements of the Fed. R. Civ. P. 4. Dicesare v. Stuart, 12 F.3d 973, 980 (10th Cir. 1993).

I further find that the plaintiff is not entitled to a permissive extension of time to affect proper service of process. She offers no reasonable explanation for her failure to accomplish service of process. She does not make any argument, nor does she provide any evidence to establish, that she has attempted to properly serve the defendants after receiving the show cause order. To the contrary, she requests that the service requirement be delayed until she obtains legal assistance or, in the event she does not obtain legal assistance "in the next week or so," she "might call [my] secretary who might have knowledge of how to proceed."

The local rules of this Court provide:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, federal rules of civil or criminal procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judgment may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1. Accordingly,

I respectfully RECOMMEND that the Complaint be DISMISSED WITHOUT PREJUDICE pursuant to Local Rule 41.1, for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an Order of this Court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 19, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge