IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02644-WDM-BNB

PENNY J. RAETH,

    Plaintiff,

v.

BANK ONE, et al.,

    Defendants.

## ORDER ON MAGISTRATE RECOMMENDATION

Miller, J.

    This matter is before me on Magistrate Judge Boyd N. Boland's recommendation, filed May 19, 2006, that Plaintiff Penny J. Raeth's (Raeth) case be dismissed without prejudice due to her failure to failure to properly serve Defendants as required by Fed. R. Civ. P. 4. Raeth filed a timely objection to the recommendation and is entitled to de novo review on those issues she specifically objects to. 28 U.S.C. § 636(b); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Having reviewed the pertinent portions of the record in this case, I will not accept the recommendation for the reasons discussed below.

    As an initial matter, I agree with Magistrate Judge Boland that Raeth has failed to file a proof of service that complies with Fed. R. Civ. P. 4(l), and that she has failed to demonstrate good cause for an extension of time under Rule 4(m). But while I acknowledge that this is a very close case, I conclude that a permissive extension of

time is appropriate.

In *Espinoza v. United States*, 52 F.3d 838, 842 (1995), the Tenth Circuit Court of Appeals cautioned that courts should demonstrate a "solicitous attitude" toward plaintiffs — especially pro se plaintiffs — faced with the complexities of service under Rule 4.  When considering whether a permissive extension is warranted, a very important factor — one specifically noted by the rules advisory committee — is whether the applicable statute of limitations would bar refiling of the case.  *Id.*  In such a situation, dismissal would effectively be dismissal with prejudice, *Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986), which the Tenth Circuit has repeatedly described as "an extreme sanction."  *See e.g, id.*; *Proctor & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005).

In keeping with these precepts, I conclude that a permissive extension is appropriate.  First, it appears that Raeth attempted, albeit unsuccessfully, to comply with Magistrate Judge Boland's minute order directing her to file a timely proof of service.  (*See* Pl.'s Proof of Delivery of Summons, Docket No. 8)  Second, Raeth was never given an *express* extension of time to file a proper proof of service.  Third, although Defendants have not received proper notice of the suit against them, they have received actual notice.  (*See* Defs.' Motion for Extension of Time, Docket No. 12 at ¶ 1)  Fourth, the current record is insufficient to allow me to evaluate whether the statute of limitations has run.

Accordingly, it is ordered:

1. The recommendation issued by Magistrate Judge Boland on May 19, 2006

(Docket No. 11), is rejected.

2. Plaintiff shall file, on or before February 20, 2007, a proper proof of service.

DATED at Denver, Colorado, on January 30, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge