IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02644-WDM-BNB

PENNY J. RAETH,

Plaintiff,

v.

BANK ONE, now BANK ONE CHASE,
or CHASE MANHATTAN BANK,
or J.P. MORGAN CHASE NATIONAL CORPORATION SERVICES, INC.,
or J.P. MORGAN CHASE & CO.,
CHASE BANK USA, N.A.,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the following motions:

1. **Motion to Dismiss** filed by Chase Bank USA, National Association [Doc. #44, filed 3/12/07] (the "Chase Motion"); and

2. **JPMorgan Chase & Co.'s Motion to Dismiss** [Doc. #59, filed 6/14/07] (the "JPMorgan Motion").

The plaintiff has filed responses to the motions. For the following reasons, I respectfully RECOMMEND that the motions be GRANTED and the Complaint be DISMISSED WITHOUT PREJUDICE.

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant,

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff filed her Complaint on December 28, 2005 [Doc. #1]. On February 8, 2006, I ordered the plaintiff to file proof of service on or before April 28, 2006 [Doc. #7]. In response to my order, on May 1, 2006, the plaintiff filed papers entitled "Proof of Delivery of Summons in Civil Action, and Associated papers; on April 28, 2006" [Doc. # 8]. Included in the papers was a copy of a U.S. Postal Service Delivery Confirmation Receipt which indicates that on April 28, 2006, an item was sent to "The Corporation, Suite 200, Tower I, 1675 Broadway, Denver, CO, 80202."

It appeared from the papers that the plaintiff failed to comply with the requisites of Rule 4(h), Fed. R. Civ. P. In addition, to the extent the plaintiff attempted to obtain a waiver of service, it appeared that her attempt did not conform to the requirements of Rule 4(d). Finally, it appeared that the plaintiff failed to comply with Rule 4(m).

Consequently, I ordered the plaintiff to show cause why this case should not be dismissed for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an Order of this Court [Doc. #9]. See D.C.COLO.LCivR 41.1. I warned the plaintiff that failure to show cause on or before May 16, 2006, would result in my recommendation that this case be dismissed.

The plaintiff responded to the show cause order on May 16, 2006 [Doc. #10] (the "Response"). She asserted that she had been "incapacitated by illness for approximately 5 ½ of the last 7 months" and that "to even manage to mail the summons to the registered agent was

almost impossible." *Response*, fourth consecutive page. She further asserted that she needed the assistance of an attorney to comply with the service requirements. Id. at sixth consecutive page.

Applying Espinoza v. United States, 52 F.3d 838 (10th Cir. 1995), and Hunsinger v. Gateway Management Associates, 169 F.R.D. 152, 155 (D. Kan. 1996), I found that the plaintiff had not shown good cause for her failure to complete service of process [Doc. #11]. I further found that the plaintiff was not entitled to a permissive extension of time to affect proper service of process because she offered no reasonable explanation for her failure to accomplish service of process.[1] I recommended that the case be dismissed without prejudice pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an Order of this Court.

The district judge agreed that the plaintiff failed to file proof of service in compliance with Rule 4 and failed to demonstrate good cause for an extension of time under Rule 4(m) [Doc. #37]. In keeping with a "solicitous attitude" toward *pro se* plaintiffs, however, the district judge granted the plaintiff a permissive extension and ordered that she file proper proof of service on or before February 20, 2007.

---

[1]The plaintiff asserted that she had been too incapacitated to mail a summons to the defendants' registered agent, but she did not provide any evidence of her alleged incapacity and she admitted that she possessed the capacity to command an extensive search for legal representation. Moreover, she did not make any argument, nor did she provide any evidence to establish, that she has attempted to properly serve the defendants after receiving the show cause order. To the contrary, she requested that the service requirement be delayed until she obtained legal assistance or, in the event she did not obtain legal assistance "in the next week or so," she said she "might call [my] secretary who might have knowledge of how to proceed."

On February 20, 2007, the plaintiff filed a paper entitled "Motion to Correct a Name or Division of 'Chase' Holdings" in which she sought to "correct" the name of a defendant to Chase Bank USA, National Association ("Chase Bank USA, N.A.") [Doc. #38]. I granted the motion [Doc. #41]. Also on February 20, 2007, the plaintiff filed a paper entitled "Proof of Deliver of Summons" which states simply that service was made on a registered agent at the CT Corp at 1675 Broadway [Doc. #39].

Rule 4(h) provides in pertinent part that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

The plaintiff has not provided any proof that service was made on the named defendants.[2] The only proof of service comes from defendant Chase Bank USA, N.A. *Chase Motion*, Affidavit of Emily Barnhard. Emily Barnhard, Service of Process Specialist for The Corporation Trust Company ("CT"), attests that CT received service only for JPMorgan Chase Bank, National Association ("JPMorgan Chase Bank, N.A.").[3] JPMorgan Chase Bank, N.A., is not a named defendant in this case.

---

[2]I note that on March 5, 2007, the plaintiff requested confirmation from the Court that she had properly served Chase Bank USA, N.A. [Doc. #42]. On April 13, 2007, after Chase Bank USA, N.A., filed its motion to dismiss, the plaintiff sought a thirty day extension of time in which to properly serve Chase Bank USA, N.A. [Doc. #48]. However, in the 8½ months since she filed the motion, the plaintiff has not provided any proof of service on Chase Bank USA, N.A., nor has she sought any further extensions of time for service. I have denied these motions as moot by separate order.

[3]Ms. Barnhard explains that a process server attempted to serve Bank One, National Association; Bank One, National Association is the former name of JPMorgan Chase Bank, N.A.; and CT receives service for JPMorgan Chase Bank, N.A.

The plaintiff has failed to comply with the district judge's order to provide proof of service on the defendants by February 20, 2007. Accordingly,

I respectfully RECOMMEND that the Complaint be DISMISSED WITHOUT PREJUDICE pursuant to D.C.COLO.LCivR 41.1, for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an Order of this Court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 8, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge