IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02644-WDM-BNB

PENNY J. RAETH,

   Plaintiff,

v.

BANK ONE, *et al.*,

   Defendants.

## ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on two recommendations of Magistrate Judge Boyd N. Boland, issued January 8, 2008 (Docket Nos. 73, 74), that (1) Plaintiff's complaint be dismissed without prejudice pursuant to D.C.COLO.LCivR 41.1 and (2) Plaintiff's motions for default judgment be denied as moot. Plaintiff's objections to the recommendations (Docket No. 77)[1] were not timely and, therefore, she is not entitled to *de novo* review. 28 U.S.C. § 636(b). However, because Plaintiff is proceeding *pro se* and the objections were only two days late, I will address Plaintiff's objections in this

---

[1] To be entitled to *de novo* review, Plaintiff's objections were due on January 23, 2008. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). In the evening of January 24, 2008, Plaintiff filed a motion for extension of time to file objections (Docket No. 76), requesting through January 28, 2008. On January 25, 2008, Plaintiff filed another motion for extension of time to file objections (Docket No. 78) and simultaneously filed her objections (Docket No. 77). As I will consider Plaintiff's objections, Plaintiff's first motion for an extension of time (Docket No. 76) shall be granted, and the second (Docket No. 78) shall be denied as moot.

Order. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))). For the reasons set forth below, I accept Magistrate Judge Boland's recommendations.

Legal Standard

A district court may dismiss a case for failure to comply with [local rules], the Federal Rules of Civil Procedure, or any court order." D.C.COLO.LCivR 41.1; *see also* Fed. R. Civ. P. 41(b). However, "dismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of the justice.'" *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

Fed. R. Civ. P. 4(m) requires service on defendants within 120 days after the complaint is filed and requires dismissal of the complaint without prejudice if such service is not made and good cause is not shown for such failure.[2] "The plain language of Rule 4(m), however, broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause." *Espinoza v. United States*, 52 F.3d 838, 840–41 (10th Cir. 1995). Furthermore, when a

---

[2] The full text of Fed. R. Civ. P. 4(m) provides:
If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

2

plaintiff is proceeding *pro se* the district court should be generous in determining whether to grant a permissive extension of time in which to serve defendants. *Id.* at 842 (cautioning that courts should demonstrate a "solicitous attitude" toward plaintiffs who are faced with the complexities of service under Rule 4).

The plaintiff bears the burden of "establishing the validity of the service of process." *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (citing *Saez River v. Nissan Mfg. Co.*, 788 F.2d 819, 821 n.2 (1st Cir. 1987)). Fed. R. Civ. P. 4(h) prescribes the process for serving a corporation, partnership, or association. It provides that service must be made in the same manner as that for individuals or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

## Background

Plaintiff filed her complaint on December 28, 2005 asserting that Defendants violated her Consumer Credit rights by erroneously reporting more than one financial account to the credit reporting agencies and canceling two of her credit cards. Originally, Plaintiff named four defendants: Bank One, now Bank One Chase ("Bank One"); Chase Manhattan Bank ("Chase Manhattan"); J.P. Morgan Chase National Corporation Service, Inc. ("JP Morgan National"); and J.P. Morgan Chase & Co.

On February 8, 2006, Magistrate Judge Boland ordered Plaintiff to provide proof of service by April 28, 2006 (Docket No. 7). In response, Plaintiff filed "Proof of

3

Delivery of Summons in Civil Action, and Associated Papers" on May 1, 2006 (Docket No. 8). This filing included a U.S. Postal Service Delivery Confirmation Receipt which indicated that Plaintiff mailed documents to "The Corporation" at Tower I, 1675 Broadway, Denver, CO 80202 on April 28, 2006. As it appeared from the documents that Plaintiff had failed to comply with Fed. R. Civ. P. 4(h) and 4(m), Magistrate Judge Boland ordered Plaintiff to show cause why her complaint should not be dismissed (Docket No. 9).

On February 20, 2007, Plaintiff filed a "Motion to Correct a Name or Division of "Chase" Holdings: To Illuminate or Pull Out From the Holdings the Name Chase Bank USA, N.A. to Properly Address or Specify the Initial but not Limited to, Defendant" (Docket No. 38), which Magistrate Judge Boland granted.[3] On the same day, Plaintiff filed a "Proof of Delivery of Summons: Proper Proof of Service" (Docket No. 39). This filing documents that service was effected on The CT Corp. at 1675 Broadway, Suite 1200, World Trade Center on February 16, 2007.

## Discussion

Magistrate Judge Boland recommends that Plaintiff's case be dismissed without prejudice pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, failure to comply with an Order of this Court. I have reviewed the pertinent portions of the record in this case, including the complaint, the motions to

---

[3] As it is unclear whether Plaintiff intended to add Chase Bank USA, N.A. ("Chase Bank") as a defendant or to substitute this defendant for another defendant originally named, I will proceed as if she intended to add Chase Bank as a defendant.

dismiss filed by Defendants, the Orders issued by Magistrate Judge Boland, and the recommendation.

In its motion to dismiss, Chase Bank alleges that Chase Manhattan and JP Morgan National do not exist and that Bank One is merely "a trade name that identified various banking affiliates of the former Bank One Corporation." (Chase Bank Mtn. To Dismiss at 3 n.1 (Docket No. 44)). As such, these entities have not been served. Chase Bank further argues, and submits a supporting affidavit, that The CT Corp. is not a registered agent of Chase Bank and, therefore, service on The CT Corp. does not qualify as service on Chase Bank. (*See* Aff. of Emily Barnhard, Employee of The CT Corp. ¶ 3–4 (Docket No. 44-3)). Apparently, The CT Corp. accepted service from Plaintiff on February 16, 2007 because service was attempted for Bank One, National Association ("Bank One, N.A."). *Id.* Bank One, N.A. is the former name of J.P. Morgan Chase Bank, National Association ("JP Morgan Chase Bank, N.A.") and The CT Corp. accepts service for JP Morgan Chase Bank, N.A. *Id.* However, JP Morgan Chase Bank, N.A. is not a named defendant in this action. Similarly, in its motion to dismiss, JP Morgan Chase & Co. argues, and submits a supporting affidavit, that service to The CT Corp. does not qualify as service on JP Morgan Chase & Co. because The CT Corp. did not accept service for JP Morgan Chase & Co. (Docket No. 59). Based on the foregoing, Magistrate Judge Boland recommends that Defendants' motions to dismiss be granted and Plaintiff's complaint be dismissed without prejudice.

Plaintiff objects to Magistrate Judge Boland's recommendation by arguing that she properly served the defendants by serving Bank One, N.A. through The CT Corp.

5

She largely focuses her objections on the fact that both Chase Bank and JP Morgan Chase Bank, N.A. are wholly-owned subsidiaries of JP Morgan Chase & Co. This, however, is insufficient for proper service of process. "Generally, service on a parent, subsidiary, cosubsidiary, or affiliate of a corporate defendant is not service on the defendant . . . ." Am. Jur. 2d § 255 (2007); *see also Echeverry v. Kellogg Switchboard & Supply Co.*, 175 F.2d 1949, 903 (2d Cir. 1949) (holding that the mere fact of a parent-subsidiary relationship is insufficient to subject the parent corporation to suit in the state where the subsidiary does business). Plaintiff also submits a signed statement by Joan Troy, who apparently delivered the summons and complaint to The CT Corp., that she "retraced [her] steps on July 3, 2007 to verify this service" and that the "service was for" JP Morgan Chase & Co. (Ex. 5 to Pl.'s Resp. (Docket No. 62-2)). I agree with Magistrate Judge Boland that this does not fulfill Plaintiff's burden of proof in establishing validity of service. The statement by Ms. Troy does not demonstrate that she delivered a summons and complaint with either defendant's name on it to a registered agent of that defendant or that the registered agent accepted such service.

Therefore, as Plaintiff has not met her burden, I conclude that dismissal without prejudice is appropriate in this case even though Plaintiff may be precluded from refiling her claim due to the applicable statute of limitations.[4] It is also noteworthy that

---

[4] Dismissal without prejudice "can be an extreme sanction if the statute of limitations bars refiling." *Florence v. Decker*, 153 Fed. Appx. 478, 480 (10th Cir. 2005). Under such circumstances, a court must "explain why it imposed the extreme sanction of dismissal." *Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986); *Florence*, 153 Fed. Appx. At 480 (citing *Woodmore*, 790 F.2d at 1499). Although not required to do so, the court may also look to the *Ehrenhaus* factors to see if dismissal is warranted. *See Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992);

6

Plaintiff has already been granted a permissive extension of time pursuant to Fed. R. Civ. P. 4(m).  Furthermore, this case was filed more than two years ago and Plaintiff has failed to serve a single defendant in that time.  In light of this decision, I also agree with Magistrate Judge Boland that Plaintiff's motions for default judgment should be denied as moot.

Accordingly, it is ordered:

1. Plaintiff's first Motion for Extension of Time (Docket No. 76) is granted.

2. Plaintiff's second Motion for Extension of Time (Docket No. 78) is denied as moot.

3. The recommendations of Magistrate Judge Boyd N. Boland (Docket Nos. 73, 74) are accepted.

4. Defendants' Motions to Dismiss (Docket Nos. 44, 59) are granted.

5. Plaintiff's complaint is dismissed without prejudice pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute, insufficiency of service of process, failure to timely

---

*Jackson v. Glazed Invs., LLC*, 2007 U.S. Dist LEXIS 80205, at *2 (D. Colo. Oct. 30, 2007).  The *Ehrenhaus* factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

In this case, I cannot determine from the current record whether the relevant statute of limitations has run.  Therefore, I find it appropriate to note that dismissal without prejudice is appropriate under the *Ehrenhaus* factors even if the statute of limitations bars refiling.  Indeed, this case has been pending for over two years and Plaintiff has failed to serve a single defendant in that time resulting in a waste of valuable judicial resources.  Furthermore, Plaintiff has been warned that dismissal would be a likely sanction should she not comply and has been given extensions of time in which to serve Defendants.

effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an Order of this Court.

6. Plaintiff's Motions for Default Judgment (Docket Nos. 52, 57) are denied as moot.

DATED at Denver, Colorado, on February 13, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge